UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Pension Trust Fund, Local 150 I.U.O.E. Vacation Savings Plan, and the Construction Industry Research and Service Trust Fund,<br><br>Plaintiffs,<br><br>v.<br><br>Americana Landscape Group, Inc. d/b/a Alaniz Landscape Group, Inc.,<br><br>Defendant. | Civil Action<br><br>No. 18-CV-7097 |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Pension Trust Fund; Local 150 I.U.O.E. Vacation Savings Plan; (collectively "the Funds"), and Construction Industry Research and Service Trust Fund ("CRF"), hereby file suit against Defendant, Americana Landscape Group, Inc. d/b/a Alaniz Landscape Group, Inc. ("Alaniz").

## COUNT I - FUNDS SUIT FOR AN AUDIT

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are located and administered in Cook County, Illinois.

3. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Alaniz is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and the LMRA, 29 U.S.C. § 152(2).

5.Alaniz and the Union are parties to an agreement known as the Illinois Landscape Contractors Bargaining Association commonly referred to as the Landscape Construction Labor Agreement ("CBA") (excerpts attached as Exhibit A) pursuant to a Memorandum of Agreement dated May 2, 2005 (attached as Exhibit B).

6.The CBA and the Agreements and Declarations of Trust incorporated therein require Alaniz to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7.The CBA and Trust Agreements additionally require Alaniz to:

(a)Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b)Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)Pay interest to compensate the Funds for the loss of investment income;

(d)Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that Alaniz was delinquent in the reporting or submission of contributions;

(e)Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Alaniz to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f)Furnish to the Funds a bond in an amount acceptable to the Funds.

8.Alaniz is delinquent and has breached its obligations to the Funds and its obligations under the Plans by failing and refusing to submit all of its contribution reports and its refusal to complete an audit as requested by the Funds.

9.The Funds have demanded that Alaniz perform its obligations stated above, but Alaniz has failed and refused to perform as such (attached as Exhibit C).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Alaniz covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period November 1, 2010 to the present;

B. Alaniz be ordered to pay any amounts determined to be due pursuant to such audit;

C. Alaniz be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Funds and against Alaniz for all costs of auditing Alaniz's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Alaniz be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and,

F. The Funds have such further relief as may be deemed just and equitable by the Court, all at Alaniz's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated with this judicial district.

3-7. CRF re-alleges and incorporates herein by reference paragraphs 3 through 7 of Count I as paragraphs 3 through 7 and as if fully stated herein.

8. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

9. The CBA places similar obligations on Alaniz with respect to CRF as it does the Funds. Alaniz is delinquent and has breached its obligations to the CRF by failing and refusing to submit all of its contribution reports and by its refusal to complete an audit as requested.

3

10. CRF has demanded that Alaniz perform its obligations stated above, but Alaniz has failed and refused to so perform. (See Exhibit C).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Alaniz covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period November 1, 2010 to the present;

B. Alaniz be ordered to pay any amounts determined to be due pursuant to such audit;

C. Alaniz be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of CRF and against Alaniz for all costs of auditing Alaniz's records, and the CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Alaniz be permanently enjoined to perform specifically its obligations to the CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at Alaniz's cost.

Dated: October 23, 2018

Respectfully submitted,

INSTITUTE FOR WORKER WELFARE, P.C.

By:  s/ James Connolly, Jr.
      One of Plaintiffs' Attorneys

Attorney for Plaintiffs

Dale D. Pierson (dpierson@local150.org)
James Connolly, Jr. (jconnolly@local150.org)
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph. 708/579-6613
Fx. 708/588-1647