UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDWEST OPERATING ENGINEERS, PENSION TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AMERICANA LANDSCAPE GROUP, INC., d/b/a/ ALANIZ LANDSCAPE GROUP, INC. | ) ) ) ) ) |
| Defendant. | ) |

Case No. 18-cv-7097

Judge Sharon Johnson Coleman

**MEMORANDUM OPINION AND ORDER**

In October 2018, plaintiffs Midwest Operating Engineers Pension Trust Fund, Local 150 I.U.O.E Vacation Savings Plan, and the Construction Industry Research and Service Trust Fund filed a complaint against defendant Americana Landscape Group, Inc., d/b/a Alaniz Landscape Group, Inc. alleging violations of the Labor-Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs specifically allege that Americana Landscape Group breached its contractual obligations when it failed to submit certain remittance reports and contributions and refused to cooperate with a fringe benefit audit. Before the Court is plaintiffs' motion for summary judgment brought under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants plaintiffs' motion.

**Background**

At issue in this lawsuit is whether defendant Americana Landscape Group is obligated under the relevant agreements discussed below. To make this determination, the Court must decide whether Americana Landscape Group and an entity called Alaniz Group, Inc. are a single employer.

By way of background, in the early 2000s, Joaquin Alaniz began operating Alaniz Landscaping Group as a sole proprietorship. Alaniz Landscaping Group was a landscaping industry

employer that engaged in landscape construction and maintenance work. On May 2, 2005, Alaniz Landscaping Group signed a Memorandum of Agreement ("MOA") with Local 150 (the "Union") adopting the terms of a Master Agreement between the Union and the Northern Illinois Landscape Contractors known as the "Landscape Contractors Labor Agreement." Alaniz Landscaping Group also signed an addendum to the Master Agreement and a new employer initial reporting fact sheet. The Master Agreement requires the employer to submit monthly contributions remittance reports and payment for those contributions to the Midwest Operating Engineers Pension Trust Fund. It also requires the employer to submit monthly dues remittance reports and dues to the Union. Miguel Alaniz signed these agreements on behalf of Alaniz Landscaping Group. Rogelio Alaniz, who is Miguel Alaniz's half-brother and Joaquin's son, also worked for Alaniz Landscaping Group. At some point between June 2005 and October 2007, Joaquin Alaniz retired and Alaniz Landscaping wound down. On November 14, 2008, the Illinois Secretary of State involuntarily dissolved Alaniz Landscaping Group.

In the interim, brothers Miguel and Rogelio incorporated Alaniz Group, Inc. in 2007. Alaniz Group, Inc. is a landscape industry employer engaged in landscape construction and maintenance work, including brick paving and installing retaining walls. On March 2, 2010, Alaniz Group, Inc. adopted the assumed corporate name Alaniz Landscape Group, Inc. Although there is evidence in the record that Alaniz Group's president is Miguel, Alaniz Group's annual report filed with the Illinois Secretary of State in January 2018 lists Rogelio as president and Miguel as the registered agent.

In May 2017, Rogelio Alaniz incorporated defendant Americana Landscape Group, which is a landscape industry employer engaged in landscape construction and maintenance work, including brick paving and installing retaining walls. In January 2018, just like Alaniz Group, Americana Landscape adopted the assumed corporate name "Alaniz Landscape Group, Inc." effective until

May 1, 2020. Rogelio nonetheless cancelled the use of the assumed name Alaniz Landscape Group, Inc. in January 2019 due to this lawsuit. On March 13, 2020, the Illinois Secretary of State involuntarily dissolved Alaniz Group, Inc.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "The principal function of summary judgment is to prevent unnecessary trials by screening out factually unsupported claims." *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020).

**Discussion**

The parties do not dispute that the Alaniz Group, Inc. is bound by the "Landscape Construction Labor Agreement" at issue in this lawsuit. Thus, the Court must determine whether Americana Landscape Group, Inc. and Alaniz Group, Inc. are a single employer making American Landscape Group obligated under the MOAs and Master Agreement.

Pursuant to the single-employer doctrine, if two entities are sufficiently integrated, courts will treat them as a single entity for certain purposes. *Cremation Society of Ill., Inc. v. Int'l Bhd. of Teamsters Local 727*, 869 F.3d 610, 616 (7th Cir. 2017). When determining if two business entities constitute a

single employer, courts consider the following factors: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Id.* (citation omitted). No one single factor controls; instead, courts consider the totality of the circumstances. *Chicago Reg'l Council of Carpenters Pension Fund v. Schal Bovis, Inc.*, 826 F.3d 397, 404 (7th Cir. 2016).

Here, Americana argues that it and Alaniz Group are not interrelated. In doing so, Americana emphasizes that Miguel's business is Alaniz Group and Rogelio's business is Americana, although Americana admits that Rogelio and Miguel have "a bad habit of disregarding corporate formalities." Despite this flaw, Americana argues that plaintiffs have failed to set forth sufficient evidence showing that there are no triable issues of material fact that Alaniz Group and Americana are a single employer. The Court disagrees.

Looking to the totality of the circumstances, there is undisputed evidence that Americana and Alaniz Group's operations are interrelated, including that Americana and Alaniz Group perform similar work in the same industry and geographic market. The two businesses submitted bid documents to public entities showing they share the same phone number, fax numbers, and business address in Elgin, Illinois, and share some customers. Both Alaniz Group and Americana store their equipment and trucks at the Elgin location. As to other operations, an individual named Tracey Jiminez filled out employee payroll paper work and signed various bid documents for both Americana and Alaniz Group. In bid documents, Americana stated that it was a construction branch of Alaniz Group. At one point, both businesses went by the assumed corporate name Alaniz Landscape, Group, Inc.

Turning to whether Americana and Alaniz Group have common management, payroll records indicate that both companies employed Miguel and Rogelio as operators and that many of the same laborers worked for both companies. The payroll records also underscore the centralized operations of the company's labor relations. As to other indicia of common management, Miguel,

4

Rogelio, and Jiminez all have access to Alaniz Group's email accounts and Americana uses the Alaniz Group email accounts when conducting business. It is also undisputed that both Rogelio and Miguel incorporated Alaniz Group together, not just Miguel.

The only factor weighing against a finding that the companies are a single employer is that Miguel is the sole shareholder of Alaniz Group and Rogelio is the sole shareholder of Americana. This, alone, is not determinative when looking at the totality of the circumstances, especially because Rogelio has held himself out as the owner of Alaniz Group in certain bid documents.

In sum, Americana and Alaniz Group did not have an "arm's length" relationship typical of unintegrated companies. *See Lippert Tile Co., Inc. v. Int'l Union of Bricklayers & Allied Craftsmen,* 724 F.3d 939, 947 (7th Cir. 2013). Instead, there was considerable overlap in their operations, employees, and management. The Court therefore grants plaintiffs' summary judgment motion in this respect.

On a final note, plaintiffs make the undeveloped argument that Miguel and Rogelio Alaniz are liable for the debts of the dissolved company Alaniz Landscaping to the extent they operated the business as an unincorporated partnership. Plaintiffs fail to develop their argument with legal authority, but rather rely on dicta in a footnote. *See Int'l Union of Operating Eng., Local 150, AFL-CIO v. Centor Contractors, Inc.,* 831 F.2d 1309, 1313 n.5 (7th Cir. 1987). Under these circumstances, plaintiffs have waived this argument. *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) (perfunctory and undeveloped arguments are waived).

**Conclusion**

Based on the foregoing, the Court grants plaintiffs' motion summary judgment motion [39].

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 7/20/2020